**ROCKLAND INDUSTRIES, INC.**

v.

**FRANK KASMIR ASSOCIATES.**

No. CA 3–77–1298–F.

United States District Court,
N. D. Texas,
Dallas Division.

May 17, 1979.

Michael Lowenberg and Richard M. Lannen, Akin, Gump, Hauer & Feld, Dallas, Tex., for plaintiff.

Alan H. Cooper, Kasmir, Willingham & Krage, Dallas, Tex., for defendant.

## ORDER

ROBERT W. PORTER, District Judge.

Kasmir has asserted that Rockland orally agreed to continue making three of its patterns available for a period of at least two years after Kasmir's booking of them. The parties both characterize any such "continuity agreement," in the absence of evidentiary bar, as constituting a requirements contract. Requirements and output contracts subject to the Uniform Commercial Code are governed by section 2–316 of that Code. That section makes it clear that parties may choose a quantity term solely referable to the buyer's requirements.

U.C.C. § 2–306(1).[1] Had Rockland in fact promised to continue production of the patterns for two years, Kasmir could then have ordered the patterns according to its needs.

■ Rockland contends that any evidence of an alleged requirements contract of this nature is barred from consideration by the factfinder under the Statute of Frauds. That doctrine is embodied in the Code at section 2–201, and does not bar enforcement merely upon omission of a term otherwise agreed on by the parties.[2] Indeed, the Official Comments to that provision include the observation that the required writing need only afford a basis for believing that the offered oral evidence rests on a real transaction. Official Comment 1. The Comment further notes, however, that "[T]he only term which must appear is the quantity term . . ." *Id.*[3]

As sole written support for its position that a "continuity agreement" exists, Kasmir offers a letter sent by Sam Kasmir to an executive of Rockland. The letter was written on March 22, 1977 and refers to a purported two-year continuity agreement between the parties in July 1976.

■ The UCC changes the common law rule regarding memoranda acceptable under the Statute of Frauds. Subsection 2 of Section 2–201 provides:

(2) Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of subsection (1)[4] against such party unless written notice of objection to its contents is given within 10 days after it is received.

U.C.C. § 2–201(2). This letter fails to comply with the requisites of the subsection.[5] The letter, written eight months after the alleged oral agreement, does not constitute a written confirmation of a contract made within a reasonable time.

Kasmir, contending that the writing fits the requirements of section 2–201(2), merely concludes that "the facts establish such a writing, that [the] parties were 'merchants' and the absence of objection to the contents of the memorandum."

■ The Code does not include among the numerous terms it defines any explanation of a "writing in confirmation." Other sources have considered the issue, however. To be a confirmation of a prior oral contract the writing need not expressly state that it is sent in confirmation of the prior transaction, but it must state that a binding or completed transaction has actually been made. *Doral Hosiery Corp. v. Sav-A-Stop, Inc.*, 377 F.Supp. 387 (E.D.Pa.1974), citing *Anderson, Uniform Commercial Code,* § 2–

---

1. The Official Comments reject any contention that such a quantity term could fail for indefiniteness, reasoning that its certainty is provided by the section's demand that such requirements be asserted in good faith. Official Comment 2.

2. "Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing." U.C.C. § 2–201(1). The facts of the lawsuit clearly involve a contract for the sale of goods of an amount greater than $500, and thus the Act provides the governing law.

3. The U.C.C. Statute of Frauds requires that only three elements be present to permit enforcement: that the memorandum evidence a contract for the sale of goods; that it be signed; and that it specify a quantity. It characterizes these requirements however, as "definite and invariable." Official Comment 1.

4. *See* note 2, *supra.*

5. My consideration of the letter under section 2–201(2) is proper, however, for this is a case in which the parties are both merchants. The Code defines "merchants" as "a person who deals in goods of the kind or otherwise by his occupation holds himself out as having such knowledge or skill." U.C.C. § 2–104(1). "Between merchants" means "any transaction with respect to which both parties are chargeable with the knowledge or skill of merchants." U.C.C. § 2–104(3).

201:51 at page 284 (2d ed. 1970). Similarly, it need not be in any particular form, but need only be consistent with the sale predicated upon a prior transaction and be sufficient to bind the sender.[6]

In addition to the confirmatory nature required of a memorandum, it must be sent within a reasonable time in order to bind the addressee merchant who fails to timely object to it. The Code elsewhere provides a less-than-helpful definition of "reasonable time:" "What is a reasonable time for taking any action depends on the nature, purpose and circumstances of such action." U.C.C. § 1–204(2). No evidence has been submitted regarding whether such a letter constitutes a confirmation within a reasonable time in the trade.[7]

■ While normally the determination of whether the confirmatory memorandum was sent within a reasonable time is a question of fact, the time lapse evident in this case is so great as to compel my holding that the letter was sent well beyond any reasonable time contemplated by the section. *Cf. Cargill, Inc. v. Stafford,* 553 F.2d 1222 (10th Cir. 1977) (one month's delay in sending confirmation unreasonable).[8]

In this regard, the proffered letter is clearly no more than one party's recollection of the agreed-upon terms of a contract allegedly reached the previous year. Consequently, the facts attending the letter did not trigger a duty to Rockland to respond within ten days to preserve objection to the term expressed in Kasmir's letter. Accordingly, its failure to do so does not elevate the letter to the status of a written agreement within the Statute of Frauds.

■ Kasmir contends that the Statute of Frauds does not apply at all because all of the contract terms were fully executed by Kasmir. It is unclear to me what factual basis supports this proposition. Moreover, the cases offered as legal support for this argument concern factual situations to which the Uniform Commercial Code has no applicability. U.C.C. §§ 2–102; 2–105(1).

Section 1–103 recognizes that principles of law and equity may supplement the provisions of the Code unless they have been displaced by particular provisions of the Act. U.C.C. § 1–103. It is evident that the Code has expressly provided a Statute of Frauds to govern cases involving sales of goods. Consequently, the provision appears to defeat Kasmir's full execution contention, as well as its additional argument that the Statute of Frauds is inapplicable where the doctrine of promissory estoppel is shown. There is, however, authority that promissory estoppel can defeat operation of the statute of frauds under the Code. See cases collected in White & Summers, Uniform Commercial Code § 2–6 (1972). Case support cited by Kasmir for application of the general doctrine of promissory estoppel is *"Moore" Burger, Inc. v. Phillips Petroleum Co.,* 492 S.W.2d 934 (Tex.1972). Kasmir concedes that the facts in *"Moore" Burger,* concerning a contract for the sale of land, differ from those present here; it cites the case to urge the application of Section 90 of Restatement of Contracts to the Statute of Frauds issue in this case. That section provides that "[A] promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise."

---

6. In addition to the requirement that it indicate that a completed transaction has been made, *John H. Wickersham Eng. & Constr. Co. v. Arbutus Steel Co.,* noted in 58 Lanc.L.Rev. 164 the confirmatory memorandum must state a quantity of goods. U.C.C. 2–201(1). For the reasons indicated earlier in this opinion, the alleged two-year continuity term constitutes a reference to a quantity term measured by Kasmir's requirements during the relevant period.

7. The Official Comment 2 to U.C.C. § 1–204 suggests that evidence of usage of trade will often be important in the determination of what is a reasonable time.

8. See also *Lish v. Compton,* 547 P.2d 223 (Utah 1976), finding that written confirmation sent twelve days after a contract for the purpose of showing that a wheat crop was allegedly entered into was not within a reasonable time under section 2–201(2).

Thus, Kasmir contends that the alleged promise of continued production induced reliance by Kasmir to its detriment.[9]

The Restatement of Contracts has considered the Statute of Frauds situation at Section 178, comment f:

> Though there has been no satisfaction of the Statute, an estoppel may preclude objection on the grounds . . . A misrepresentation that there has been such satisfaction if substantial action is taken in reliance on the representation, precludes proof by the party who make the representation that it was false; and a promise to make a memorandum, if similarly relied on, may give rise to an effective promissory estoppel if the Statute would otherwise operate to defraud.

Indeed, the *Moore Burger* court recognized the restriction of the doctrine contained at Section 178.

It is clear that the Restatement envisions the principle of estoppel as being available to bar a Statute of Frauds defense in more limited situations than under Section 90. Section 178 operates only where a misrepresentation was made that the Statute's requirements have already been complied with, or a promise was made that they will be met.[10] This preferable distinction, noted in *"Moore" Burger,* links the promise or misrepresentation alleged to the need for a writing, rather than merely on the promise to perform the oral agreement itself. Indeed, the reasoning was recognized although imperfectly applied in *H. Molsen & Co., Inc. v. Hicks,* 550 S.W.2d 354 (Tex.Civ. App.—El Paso, 1977), a case arising under the UCC's governance and involving application of Section 2–201.[11]

■ I decline to apply the general concept of promissory estoppel that embraces offer to perform and reliance to preclude a Statute of Frauds defense; rather, I find the estoppel principle is properly used in derogation of the statute only where the requirements set forth in Section 178 are alleged and shown. Kasmir has not contended the presence of either condition; neither pleading nor evidence suggests that Rockland promised that a writing of the continuity agreement had been or would be made. Consequently, Rockland is not estopped to assert the defense.

A final ground offered by Kasmir to defeat Rockland's assertion of the Statute of Frauds defense rests on section 2–201(3)(b) and applies

> "if the party against whom enforcement is sought admits in his pleadings, testimony or otherwise in court that a contract for sale was made, but the contract is not enforceable under this provision beyond the quantity of goods admitted." [12]

■ Kasmir points to Plaintiff's Exhibit 20, offered into evidence by Rockland. The exhibit is a letter from Sam Kasmir to Rockland, with an attached statement reciting debits claimed by Kasmir as damages arising from the breach of the alleged continuity agreement. Kasmir would have the Court hold as a matter of law that the introduction of this exhibit constitutes an admission as to the facts of the alleged term. Rockland's offer of the exhibit does not constitute an admission that it had entered into the contractual term alleged by Kasmir; at most it admits that Kasmir later took the position that the parties' agreement included the disputed term. The Official Comment to that subsection explains the drafters' intent: "If the making of a contract is admitted in court, either in a written pleading, by stipulation or by oral statement before the court, no additional writing is necessary for protection against

9. Application of the doctrine to cases involving Statute of Frauds is both against history of its use and the weight of scholarly authority. Note, Statute of Frauds—The Doctrine of Equitable Estoppel and The Statute of Frauds, 66 Mich.L.Rev. 170 (1967).

10. See also 3 S. Williston, Contracts § 533A (3d ed. Supp. 1978).

11. The case is noted at Annual Survey, 32 Sw. L.J. 184 (1978).

12. If Kasmir was successful in showing appropriate admission by Rockland, the issue of the truth of such admission then is properly before the fact-finder. Official Comment 7.

fraud." Official Comment 7. (emphasis added) I will not infer admission from the document; nor does Kasmir show authority for such an extraordinary proposition. This argument clearly fails.

■ In addition to the above matters, I have considered the admissibility of the letter of February 28, 1977 from Rockland's president to New York counsel for the firm. Rockland asserts that the substance of the letter shows affirmatively that it is subject to a claim of attorney-client privilege. I find that the privilege was conclusively waived by Rockland when the document was included with others submitted to Kasmir during its discovery of this action. *See United States v. Kelsey-Hayes Wheel Co.,* 15 F.R.D. 461 (E.D.Mich.1954).

The parties are requested to submit written arguments and briefing regarding damages recognized by the UCC under the theory and facts as alleged and shown in this case. The written materials shall be submitted by 8:30 a. m. Friday, May 18, 1979.

It is so ORDERED.