**PLACER ENERGY CORPORATION, Appellant,**

v.

**E & S OIL COMPANY, INC., a Partnership; Simon Schmidt & Everett Oil & Gas, a Partnership; Triangle Energy Co., a Partnership; George Schmidt, Vincent Simon and Clifton Everett, Appellees.**

**No. 2-84-272-CV.**

Court of Appeals of Texas, Fort Worth.

June 19, 1985.

Vernon, McKinley, Lybrand & Dubner, P.C., and Michael D. McKinley, Dallas, for appellant.

Mitchell & Wigginton and Ken Wigginton, Henrietta, for appellees.

Buzzard Law Firm, P.C., and Mark N. Buzzard, Pampa, for appellee Everett.

Before FENDER, C.J., and ASHWORTH and HOPKINS, JJ.

## OPINION

HOPKINS, Justice.

This appeal is brought from the granting of a summary judgment in favor of the defendant, in an action to impose a constructive trust on a leasehold interest in a mineral estate or, alternatively, for damages. Rendering of summary judgment was based on an application of the Statute of Frauds, TEX.PROP.CODE ANN. sec. 5.021 (Vernon 1984).

We affirm in part and reverse and remand in part.

The summary judgment proof establishes that appellant, Placer Energy Corporation, acquired an oil and gas lease in Clay County on March 17, 1980 with a primary term of three years. Two years later, appellant assigned this lease to Texas International Mineral and Development Corporation, and reserved in itself an overriding royalty of 9.5% of all oil and gas produced. The assignment made the overriding royal-

ty applicable to any "modifications, renewals or extensions" of the lease. It allowed the assignee to farmout, convey, or release the lease without the consent of appellant, "provided that any such farmout or conveyance shall be made subject to the interests of" appellant. Texas International Mineral and Development Corporation assigned its interest to Four Way Energy, Inc., which reorganized under the name Texas Three Oil and Gas, a partnership.

Appellant alleges that near the end of the primary term it was contacted by appellees and informed that appellees had acquired the lease by written assignment from Texas Three Oil and Gas. Appellant further alleges that appellees requested appellant's assistance in saving the lease from expiration, and that in response to this request appellant entered the property with some equipment on March 17, 1983, the final day of the primary term, and began clearing some trees. Appellant admits making no further efforts to drill but asserts that it understood that appellees would complete the well.

Appellees admit being interested in the property at the time but deny ever receiving an assignment from Texas Three Oil and Gas and deny requesting appellant to begin drilling operations. A representative of appellees alleges that it was he who was contacted by appellant who wanted to save the lease, that he informed appellant he had no interest in the lease, that he thought appellant's interest had expired, and that if appellant began drilling he did so at his own expense.

Five days later, on March 22, 1983, appellees obtained a new lease directly from the mineral owners. In July 1983, they began drilling a well which eventually produced. In doing so, appellees made use of some geological data which had been originally compiled by appellant and handed down from one assignee to the next under the first lease. Appellees deny ever seeing this data before March 17, 1983.

Appellant brought suit to impose a constructive trust on the new lease for the amount of appellant's overriding royalty.

Appellant alternatively claimed damages of $859.07 for the cost of its operations performed on March 17, 1983, allegedly at appellees' request. Based solely on parol evidence, appellant asserted that appellees were assignees of the original lease, that the drilling operations of March 17, 1983, extended the original lease, and that the new lease was, therefore, a renewal of the original. Appellees raised the Statute of Frauds to bar appellant from proving by parol evidence that appellees were assignees of the original lease. Summary judgment was rendered for appellees.

On this appeal, appellant argues that summary judgment was improper because appellees should have been estopped to assert the Statute of Frauds by virtue of appellees' alleged representations to appellant that appellees had a written assignment. We agree that appellant has alleged a cause of action for misrepresentation to which the Statute of Frauds is not a defense in bar. We disagree, however, that appellant is entitled to impose a constructive trust on appellees' new lease.

■ The contract as alleged was not one for the sale of an interest in land so as to require a writing under TEX.BUS. & COM. CODE ANN. sec. 26.01 (Vernon Supp. 1985). Rather, it was a contract for a mutual performance of services. Appellant already owned an interest in the land at the time of the contract's inception. Appellant allegedly agreed to begin drilling operations in exchange for appellees' promise to complete drilling and thereby prevent both of their interests from expiring. Appellant was allegedly induced to enter into this contract on the representations by appellees that they owned an interest in the mineral estate.

■ TEX.PROP.CODE ANN. sec. 5.021, which was properly pled in appellees' amended answers and in appellees' amended motions for summary judgment under TEX.R.CIV.P. 166–A(c), requires that all conveyances of an interest in land be in writing. When a writing is lost or destroyed, the existence of the writing can be

proven by parol evidence only if the witness saw the writing and can testify clearly as to its contents. *Arreguin v. Cantu,* 609 S.W.2d 639 (Tex.Civ.App.—San Antonio 1980, no writ); *Crosby v. Davis,* 421 S.W.2d 138 (Tex.Civ.App.—Tyler 1967, writ ref'd n.r.e.). Therefore, appellant's allegation that appellees represented that they had a written assignment is not admissible to prove that appellees did in fact have a written assignment. Since appellant produced no summary judgment evidence to prove this allegation, appellant cannot now raise the point on appeal. *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984); *Westland Oil Development Corp. v. Gulf Oil,* 637 S.W.2d 903 (Tex.1982).

However, appellant's allegation that appellees represented to appellant that they had a written assignment is admissible to prove a cause of action for misrepresentation. If a person misrepresents that the requirements of the Statute of Frauds have been met, that person may be held liable for the consequences of that misrepresentation. *21 Turtle Creek Sq. Ltd. v. New York St. Teach. Retire. Sys.,* 432 F.2d 64, 65 (5th Cir.1970), *cert. denied,* 401 U.S. 955, 91 S.Ct. 975, 28 L.Ed.2d 239 (1971); *Rockland Industries, Inc. v. Frank Kasmir Assoc.,* 470 F.Supp. 1176, 1180 (N.D. Tex.1979). If the factfinder believes that appellees misrepresented the existence of a written assignment in order to obtain a valuable service from appellant, then appellant is entitled to recover the value of that service. Appellant would not be entitled to impose a constructive trust based on a finding of a misrepresentation. Since appellant had no executive rights, it would not have been able to save the original lease from expiration. Therefore, the imposition of a constructive trust on appellees' new lease would place appellant in a better position than it occupied prior to this controversy. Furthermore, appellant is not entitled to recover the value of the geological data under a theory of unjust enrichment because it relinquished all its rights in that data when it turned the data over to its assignee.

The granting of summary judgment was error insofar as it denied appellant an opportunity to prove an alleged cause of action for misrepresentation in money damages not to exceed $859.07 as pled, plus attorneys' fees. But we hold the summary judgment was proper in denying appellant a constructive trust. Appellant's point of error is sustained.

The summary judgment is reversed and remanded for a trial on the merits on the issue of damages for alleged misrepresentation. The summary judgment is affirmed on the issue of constructive trust. Costs of court are hereby assessed against appellees.